```
1    WO
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                         FOR THE DISTRICT OF ARIZONA
8
```

| | | |
|---|---|---|
| Benjamin Delgado Najera, Jr., | ) | No. CV 10-1536-PHX-FJM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan, et. al., | ) | |
| Respondents. | ) | |

The court has before it petitioner's petition for writ of habeas corpus for a person in state custody, pursuant to 28 U.S.C. § 2254 (doc. 1), respondents' answer (doc. 12) and petitioner's reply (doc. 15). We also have before us the Report and Recommendation of the United States Magistrate Judge recommending that the petition for writ of habeas corpus be denied (doc. 16) and petitioner's objections to the Report and Recommendation (doc. 17). After *de novo* consideration, we accept the recommended decision of the Magistrate Judge, pursuant to Rule 8(b), Rules Governing § 2254 Cases, and deny the petition.

Petitioner raises four grounds for relief: (1) denial of the right to counsel because petitioner did not knowingly, voluntarily, and intelligently waive his right to counsel; (2) ineffective assistance of counsel; (3) denial of the right to a fair and impartial judge; and (4) prosecutorial misconduct.

The Magistrate Judge found that grounds two through four were procedurally

1 defaulted because the state court found that each claim was "precluded" under Rule 32.2
2 Ariz.R.Crim.P. because it could have been, but was not, raised on direct appeal. A
3 procedural bar may be applied to unexhausted claims where state procedural rules make
4 return to state court futile. See Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S.Ct.
5 2546, 2557 (1991). In Arizona, a claim not previously presented in state court by either
6 direct appeal or collateral review is generally barred from federal review, unless a narrow
7 exception applies. See Rules 32.1(d)-(h) & 32.2(a), Ariz.R.Crim.P. The state court's reliance
8 on Arizona's procedural rule barring post-conviction relief for claims that could have been
9 raised on direct appeal but were not constitutes an independent and adequate ground barring
10 federal review. See Stewart v. Smith, 536 U.S. 856, 860, 122 S.Ct. 2578, 2581-82 (2002)
11 (holding that determinations made under Arizona's procedural default rule are "independent"
12 of federal law); Smith v. Stewart, 241 F.3d 1191, 1195 n.2 (9th Cir. 2001), reversed on other
13 grounds, Stewart, 536 U.S. 856 (stating that Arizona's procedural default rule is "adequate").

14 Furthermore, we agree with the Magistrate Judge's conclusion that petitioner has not
15 meet his burden of demonstrating that the "fundamental miscarriage of justice" exception
16 applies because he makes no showing of "actual innocence." See Murray v. Carrier, 477
17 U.S. 478, 495-96, 106 S.Ct. 2639, 2649 (1989); Cook v. Schrio, 538 F.3d 1000, 1028 (9th
18 Cir. 2008). Petitioner simply advances speculative and conclusory assertions that disclosure
19 of the victim's medical records would have demonstrated that her injuries were not as severe
20 as she testified. Petitioner does not provide any "new, reliable evidence" that "makes it more
21 likely than not that no reasonable juror would have found petitioner guilty." Schlup v. Delo,
22 513 U.S. 298, 324, 327, 115 S.Ct. 851, 865-67 (1995); see also Majoy v. Roe, 296 F.3d 779,
23 776 (9th Cir. 2002).

24 In his objections to the Report and Recommendation, petitioner simply rehashes
25 arguments that the victim's medical records should have been disclosed. We will not revisit
26 those contentions previously raised. Petitioner also asks us to find that Rule 32.2(a),
27 Ariz.R.Crim.P. does not apply to grounds two through four. Federal habeas relief is not
28 available to "redress alleged procedural errors in state post-conviction proceedings." Ortiz

v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998); see also Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1998) (holding that federal habeas courts lack jurisdiction to review state court applications of state procedural rules, including specifically Rule 32, Ariz.R.Crim.P.). We do not decide whether Rule 32.2(a) was properly applied to the claims. Moreover, we reject petitioner's argument that the Magistrate Judge incorrectly found that petitioner had not raised an ineffective assistance of counsel argument, based on alleged Brady violations, in his petition for post conviction relief. The record supports this finding. See doc. 12, ex. O at 5-8. While petitioner may have raised such a claim in his petition for rehearing, that petition was denied as moot since petitioner had divested the court of jurisdiction by filing a petition for review to the Arizona Court of Appeals. See doc. 12, ex. X. After *de novo* review, we agree with the Magistrate Judge's conclusion that grounds two through four are procedurally defaulted. We deny the petition on these grounds.

In ground one, petitioner asserts that he was denied the right to counsel because he did not knowingly, voluntarily, and intelligently waive his right to counsel. The Magistrate Judge found that the claim lacked merit. A federal court "shall not" grant habeas relief to "any claim that was adjudicated on the merits in State court proceedings" unless the state court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). We "defer to the state court's finding that a waiver of the right to counsel was knowing, intelligent, and voluntary unless it is contrary to or an unreasonable application of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525 (1975)." Cook, 538 F.3d at 1015.

Petitioner's waiver claim lacks merit. At the trial court level, petitioner made an unequivocal request to waive his right to counsel, the trial court sufficiently apprised petitioner of the dangers and disadvantages of self-representation, and petitioner displayed a working knowledge of the criminal justice system. Moreover, on direct appeal, the Arizona Court of Appeals did not act contrary to clearly established law but rather correctly applied

the standards set forth in Faretta, 422 U.S. 806, 95 S.Ct. 2525 and Iowa v. Tovar, 541 U.S. 77, 124 S.Ct. 1379 (2004).

Petitioner's objections simply argue that we should review in camera the victim's medical records to determine if they support his claim. Petitioner fails to persuade us that the state court was unreasonable in its application of the facts or acted contrary to state law.

Therefore, we accept the Report and Recommendation of the United States Magistrate Judge (doc. 16). **IT IS ORDERED DENYING** petitioner's petition for writ of habeas corpus (doc. 1). Because petitioner has not made a substantial showing of the denial of a constitutional right, **IT IS FURTHER ORDERED DENYING** a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal.

DATED this 1st day of July, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge